**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**REGINALD BRUMFIELD**                                   **CIVIL ACTION**

**versus**                                                              **NO. 06-4062**

**WARDEN**                                                          **SECTION: "A" (6)**


## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of

conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed

findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)

and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States

District Courts. Upon review of the record, the Court has determined that this matter can be

disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the

following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH**

**PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily
mandated determination. According to Section 2254(e)(2), the district court generally may hold an
evidentiary hearing only when the petitioner has shown that either the claim relies on a new,
retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i))
or the claim relies on a factual basis that could not have been previously discovered through the
exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show
by clear and convincing evidence that, but for the constitutional error, no reasonable jury would
have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Reginald Brumfield, a state prisoner, was incarcerated at the LaSalle Correctional Center, Olla, Louisiana, at the time he filed this federal application.[2]  On January 10, 2005, he pleaded *nolo contendere* to a charge of simple burglary.  On that same date, he was sentenced to a term of eight years imprisonment; however, that sentence was suspended, and he was placed on supervised probation for a period of five years.[3]  On May 25, 2005, his probation was revoked and the original sentence was reimposed.[4]

On May 17, 2005, petitioner filed with the state district court an application for post-conviction relief.[5]  That application was denied on May 25, 2005.[6]  Petitioner's related writ applications were then denied by the Louisiana First Circuit Court of Appeal on August 22, 2005,[7] and the Louisiana Supreme Court on June 2, 2006.[8]

While that application was pending, petitioner filed numerous other post-conviction motions.  For example, on August 8, 2005, he filed with the state district court a motion to

---

[2] Since that time, the Court has on two occasions had mail sent to petitioner at that institution returned as undeliverable; however, petitioner has not notified the Court of a different address.

[3]  State Rec., Vol. I of I, transcript of January 10, 2005; State Rec., Vol. I of I, minute entry dated January 10, 2005.  One of the special conditions of probation imposed was that petitioner make restitution in the amount of $250.

[4] State Rec., Vol. I of I, minute entry dated May 25, 2005.

[5] State Rec., Vol. I of I.

[6] State Rec., Vol. I of I, Order dated May 25, 2005.

[7] State v. Brumfield, No. 2005 KW 1295 (La. App. 1st Cir. Aug. 22, 2005); State Rec., Vol. I of I.

[8] State *ex rel.* Brumfield v. State, 929 So.2d 1245 (La. 2006) (No. 2005-KH-2573); State Rec., Vol. I of I.

reconsider sentence,[9] which was denied as untimely on August 11, 2005.[10] On March 10, 2006, he filed a motion to correct an illegal sentence,[11] which was denied on March 21, 2006.[12] On April 6, 2006, he filed with the state district court another application for post-conviction relief,[13] which was denied as repetitive on April 19, 2006.[14] On May 17, 2006, he incorrectly filed an application for a writ of habeas corpus in the Louisiana Twenty-Eighth Judicial District Court;[15] that application was transferred to the correct state district court and then denied on June 14, 2006.[16]

On June 30, 2006, petitioner filed the instant federal application for *habeas corpus* relief. In support of his application, he asserts the following claims:

1.  Petitioner received ineffective assistance of counsel;

2.  There was insufficient evidence to support petitioner's conviction;

3.  Petitioner's guilty plea was constitutionally infirm; and

4.  Petitioner was denied due process.

---

[9] State Rec., Vol. I of I.

[10] State Rec., Vol. I of I, Order dated August 11, 2005.

[11] State Rec., Vol. I of I.

[12] State Rec., Vol. I of I, Order dated March 21, 2006.

[13] State Rec., Vol. I of I.

[14] State Rec., Vol. I of I, Order dated April 19, 2006.

[15] State Rec., Vol. I of I.

[16] State Rec., Vol. I of I, Order dated June 14, 2006.

The state challenges neither the timeliness of petitioner's federal application nor his exhaustion of his state court remedies.[17]

Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially

---

[17] It is unclear whether all of petitioner's claims are in fact exhausted. However, because the record is insufficient for the Court to make that determination definitively, the Court declines to raise that defense *sua sponte*. A federal court has the authority to deny *habeas* claims on the merits, regardless of whether a petitioner exhausted his state court remedies. 28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civil Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008). In the interest of judicial economy, it is recommended that petitioner's claims simply be denied on the merits.

indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

### Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance of counsel. Specifically, he contends that his counsel failed to perform an adequate investigation. He argues that had counsel performed an adequate investigation and demanded a preliminary examination, he would have learned that there was not an adequate factual basis for the charged offense of simple burglary. Petitioner argues that, at most, he should have been charged with only receiving stolen property.

When petitioner asserted this claim in the state post-conviction proceedings, it was denied.[18] Because a claim of ineffective assistance of counsel presents a mixed question of law and fact, this Court must defer to the state court decision denying the claim unless that decision "was

---

[18] State Rec., Vol. I of I, Order dated May 25, 2005; State v. Brumfield, No. 2005 KW 1295 (La. App. 1st Cir. Aug. 22, 2005); State *ex rel.* Brumfield v. State, 929 So.2d 1245 (La. 2006) (No. 2005-KH-2573).

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). For the following reasons, this Court finds that it was not.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. Id. at 697. If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. Id.

To prevail on the "deficiency" prong of the Strickland test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

To prevail on the "prejudice" prong of the <u>Strickland</u> test, a petitioner must establish that there is a reasonable probability that, but for counsel's deficient performance, "he would not have pleaded *nolo contendere* and would have insisted on going to trial." <u>Carter v. Collins</u>, 918 F.2d 1198, 1200 (5th Cir. 1990). Further, where, as here, the counsel's alleged error was a failure to investigate, the determination of prejudice will depend upon the likelihood that the investigation would have led to discovery of the evidence which would have caused counsel to change his recommendation as to the plea. <u>Calvillo v. Scott</u>, No. 94-50110, 1994 WL 398390, at *1 (5th Cir. July 19, 1994).

In this case, petitioner's ineffective assistance of counsel claim is based on his contention that counsel should have discovered that the information in the police report was insufficient to support the charge of simple burglary.[19] His argument concerning the report is two-fold.

First, petitioner notes that the police report contained unexplained discrepancies. For example, the report listed the date of the offense as "Monday 5-10-04," while the narrative indicated that the initial investigation of the offense occurred on "Monday May 5 - 2004." Petitioner correctly observes that May 5 was not a Monday,[20] and he argues that the investigation could not possibly have been conducted prior to the commission of the offense. However, from reading the supplemental reports attached to the original report, the sequence of events is clear. On Wednesday, May 5, 2004, speakers were stolen during a vehicle burglary. On Monday, May 10, 2004, petitioner

---

[19] A copy of the police report is attached to petitioner's federal application.

[20] In 2004, May 5 was a Wednesday and May 10 was a Monday.

sold those speakers to Julius White. Therefore, the "offense date" referenced in the initial report was when petitioner *sold* the stolen property, not when the burglary occurred. Further, the reference to "Monday May 5" is obviously an inadvertent error. In light of the foregoing, even if counsel had been aware of these inconsequential discrepancies, there is no reasonable probability that they would have led him to change his recommendation as to the plea.

Second, petitioner argues that the information contained in the police report alone would have been insufficient to support a conviction for simple burglary. On that point, he is correct. Under Louisiana law, "[m]ere possession of property recently stolen in a burglary does not create a presumption that the defendant committed the [burglary]." State v. Ewens, 735 So.2d 89, 93 (La. App. 5th Cir. 1999); see also State v. Brown, 445 So.2d 422 (La. 1984). That said, it must be noted that petitioner's argument is premised on a notion that the prosecution had no evidence other than that which was documented in the preliminary police report. However, that is mere conjecture. Further, because petitioner pleaded *nolo contendere*, what other evidence the prosecution may have possessed is unknown.

Ultimately, it must be remembered that it is petitioner who bears the burden of proof with respect to his ineffective assistance of counsel claim. Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). In light of the foregoing, it simply cannot be said that he has met that burden.

In summary, petitioner has failed to demonstrate that the state court's decision rejecting his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United

States.  Accordingly, applying the AEDPA's deferential standard, this Court likewise rejects that claim.

## Sufficiency of the Evidence

Petitioner next claims that there was insufficient evidence to support his conviction. Where a petitioner has entered a voluntary plea of *nolo contendere*, he may not later challenge the sufficiency of the underlying evidence.  United States v. Redeaux, No. 92-5094, 1993 WL 152174, at *1 (5th Cir. Apr. 23, 1993); United States v. Broome, 628 F.2d 403, 405 (5th Cir. 1980); Gonzales v. Quarterman, Civ. Action No. H-05-686, 2006 WL 3499518, at *6 n.5 (S.D. Tex. Dec. 5, 2006); Sumlin v. Johnson, Civ. Action No. 3:00-CV-2268, 2002 WL 199879, at *2 (N.D. Tex. Feb. 6, 2002).  As discussed below, this Court rejects petitioner's contention that his plea was involuntary. Accordingly, his claim challenging the sufficiency of the evidence is not cognizable.

## Validity of the Plea

Petitioner next claims that his *nolo contendere* plea was constitutionally infirm because it was entered under duress and was, therefore, involuntary.  When petitioner challenged the validity of his plea in the state courts, that challenge was rejected.[21]  For the following reasons, this Court likewise finds that several factors are present here which are simply inconsistent with petitioner's contention that his plea was involuntary.

First, petitioner's plea was entered pursuant to an extremely advantageous plea bargain.  On the charge of simple burglary, he faced a fine of up to $2000, imprisonment with or

---

[21]   State Rec., Vol. I of I, Order dated May 25, 2005; State v. Brumfield, No. 2005 KW 1295 (La. App. 1st Cir. Aug. 22, 2005); State *ex rel.* Brumfield v. State, 929 So.2d 1245 (La. 2006) (No. 2005-KH-2573).

without hard labor of up to twelve years, or both. La.Rev.Stat.Ann. § 14:62(B). Further, the state contends and petitioner concedes that he was eligible to be charged as a multiple offender;[22] therefore, he in fact faced an even longer enhanced sentence. La.Rev.Stat.Ann. § 15:529.1. However, in exchange for his plea, petitioner received a suspended sentence, was placed on probation, and paid restitution of $250. And, perhaps most importantly, the state agreed not to charge him as a multiple offender. In light of the prosecution's generous concessions, the Court finds implausible petitioner's representation that he would have preferred to go to trial.

Second, petitioner now contends that his plea was involuntary because he faced what he characterizes as a "Hobson's choice" between (1) accepting the plea bargain or (2) proceeding to trial with an unprepared attorney and risking being convicted and sentenced as a multiple offender. However, if he was in fact dissatisfied with counsel, it seems odd that petitioner, who was no stranger to criminal proceedings, would not at some point have voiced that dissatisfaction, especially in light of his allegation that counsel refused to follow-up on petitioner's contention that he purchased the speakers from "a known drug addict from the Kentwood area." It is simply unlikely that petitioner, who was *expressly asked* by the trial judge whether he had any questions and whether he was satisfied with his counsel,[23] would have sat quietly without objection when he believed he was being subjected to such a miscarriage of justice. On the other hand, that action would be completely consistent with a situation where a guilty habitual offender realized that his

---

[22] In its response in this proceeding, the state alleges that petitioner's prior criminal record included convictions for possession of stolen property, simple burglary, distribution of a schedule II controlled dangerous substance, and felony theft. Rec. Doc. 12, p. 3.

[23] State Rec., Vol. I of I, transcript of January 10, 2005, p. 8.

counsel had served him well by securing probation for his latest offense. The Court finds that latter scenario is more probable here.

Third, a review of the colloquy transcript reveals the complete absence of any indication whatsoever that petitioner was acting under duress or that the plea bargain was in any way unsatisfactory to him.

In light of the foregoing, it is evident that petitioner has failed to demonstrate that the state court's decision rejecting his challenge to his plea was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, applying the AEDPA's deferential standard, this Court likewise rejects that claim.

### Due Process

Petitioner's final claim is that he was denied due process. However, that claim appears to be nothing more than a "catch-all" reiteration of the foregoing claims. As it has already been determined that those claims have no merit, no further consideration of the claim is required.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Reginald Brumfield be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of March, 2009.


**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**